MORRIS SPRITZER, PLAINTIFF-APPELLANT, v. RUTGERS CHEVROLET COMPANY, DEFENDANT-RESPONDENT.

Submitted May 11, 1934—Decided October 14, 1934.

Before Justices LLOYD, CASE and DONGES.

For the appellant, *William Lowenthal.*

For the respondent, *Herman Chivian.*

PER CURIAM.

This is an appeal from a judgment of the New Brunswick District Court in favor of the defendant. The facts are that one Milton May purchased an automobile from defendant Rutgers Chevrolet Company on a conditional bill of sale, which contract was assigned by defendant to General Motors Acceptance Corporation. May fell behind in his payments and the plaintiff, Morris Spritzer, who is May's brother-in-law, agreed to buy the car from May. This agreement was reached on August 29th, 1933. The acceptance corporation was notified of this pending sale and it prepared the necessary papers to consummate it, and informed the parties to come to its office to execute the papers. Plaintiff paid $46 to the acceptance corporation which it accepted and applied to the May account. The papers were never executed because May refused to do so, but retained the automobile and refused to deliver it up. The plaintiff informed the finance company where the car could be found and the finance company seized it under the conditional sales contract and sold it. At the sale the defendant was the purchaser.

At the time plaintiff expected to acquire the car under the oral agreement with May, he placed thereon four new tires and tubes. These were on the car when it was seized and sold to defendant. Neither the finance company nor the defendant had knowledge that plaintiff had put tires and tubes on the car. After the sale the plaintiff offered to pay the defendant the full amount due on the purchase price, together with the expenses of the seizure and sale, but this was refused. Plaintiff then demanded the tires and this was likewise refused. The present action in replevin was then brought in the District Court and resulted in a judgment of nonsuit.

We are not called upon to decide what the rights of plaintiff might be if he had sold tires to May, which were placed

on the car, either with or without a reservation of title thereto. The question is as to the right of the plaintiff, who expected to succeed to any rights of May, against an innocent third person, who purchased without knowledge that plaintiff had so placed the tires in reliance upon an agreement with May. If May had put the tires on the car, they would pass with the car, under the terms of the recorded conditional bill of sale, which provided that the conditional vendor, after default, might take the car "including any equipment or accessories therto."

In the circumstances of this case, we conclude that the substitution of tires by plaintiff was made in the right of May, and, that, as against a purchaser without notice, they cannot be recovered.

The judgment is affirmed.